IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY DUMANIAN, MD<br>RANDA DUMANIAN, and<br>ADOM DUMANIAN,<br><br>    Plaintiffs,<br><br>v.<br><br>MARK SCHWARTZ,<br>YAJIA HU SCHWARTZ,<br>LINDSEY SCHWARTZ,<br>LEO SCHWARTZ, CAMILA LOZANO<br>TAX LIEN LAW GROUP, LLC, and<br>SULION, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 19-cv-6771<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DR. SCHWARTZ'S AND DEFENDANTS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS

Dr. Schwartz and the other named Defendants, by and through their undersigned counsel, herein submit this Motion and Memorandum of Law in support of their Motion to Stay these Proceedings. Defendants state as follows:

PRELIMINARY STATEMENT

As the Court is aware, Defendant and attorney of record in this case, Dr. Schwartz, is presently recovering from major open abdominal surgery last month and hopes to return to work in or about February 2023. Unfortunately, Dr. Schwartz just learned that he is now currently facing parallel civil and criminal proceedings involving the same operative facts, as an indictment against him was docketed late last week, regarding the same operative facts alleged in this case Plaintiffs who are the self-same complainants (Victims 1, 2, and 3) in same indictment regarding the self-same companies and issues raised in these civil proceedings.

At its core, this is and has always been a corporate dispute centered on disagreements about

1

the management and control of a company. By way of this lawsuit, the Plaintiffs seek to undo several corporate actions—by levying incredulous allegations, making unfounded claims for rescission of a prior settlement agreement and by pursuing other equally shaky legal mechanisms—in an attempt to unlawfully exclude Defendants from ownership and lawful control of Mesh Suture, Inc.

In the meanwhile, Plaintiffs complained to the United States Department of Justice which initiated an investigatory criminal proceeding into the dispute, Plaintiffs' claims, and issued testimonial and documentary grand jury subpoenas in July 2021 against Dr. Schwartz and his wife, Yajia Schwartz, both indispensable party Defendants in this case, all involving the self-same documentary evidence and issues raised by the parties in these proceedings.

All of the Defendants, as well as the Plaintiffs, will likely be called to testify in the pending criminal matters which relate to the same corporate dispute and involve the same evidence and testimony, on the very same contested issues raised and being litigated in this case.

Thus, the continued pendency of this case, without a stay, presents a high risk of infringement of Defendant's Fifth Amendment right to be free from self-incrimination. Accordingly, Defendants have no choice but to seek a stay of all proceedings in this case so that all of them can avoid unfair prejudice in this case.

Without the entry of a stay, Defendants are effectively backed into a corner in which they have no viable choice but to assert the Fifth Amendment privilege against self- incrimination or be forced to face a significant risk of unfair prejudice in both this and the pending criminal case. The factors courts use to assess and determine whether a stay is warranted, where concurrent civil and criminal matters are pending, weigh largely in favor of the entry of a stay of these proceedings, especially since this case was just assigned before a new Judge who has yet to issue any final rulings and who has yet to hear evidence or testimony from any of the parties, either Plaintiffs or

Defendants.

## LEGAL STANDARD

The court has an incidental power to stay proceedings that stems from its inherent authority to manage its docket. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008) (Court has inherent power to stay discovery in a civil action if the interests of justice so require); *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005) (same). "Even [in the circumstance where] there would be no [demonstrable Fifth Amendment] constitutional violation, a court has the discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense." *Midas International Corp. v. G.V. & G. Transp. Services, Inc.*, 1987 U.S. Dist. LEXIS 9764, *2-3 (N.D. Ill. 19987) (internal citations and quotations omitted). "[A] stay contemplates special circumstances and the need to avoid "substantial and irreparable prejudice." *United States v. Certain Real Prop., Commonly Known as 6250 Ledge Rd., Egg Harbor, Wis.*, 943 F.2d 721, 729 (7th Cir. 1991) (internal quotation and citations omitted). "A stay of a civil action may be appropriate and warranted where parallel criminal proceedings and civil proceedings are contemporaneously underway." *Wiltgen v. Webb*, 2011 U.S. Dist. LEXIS 103604, *2 (N.D. Ill. 2011).

## ARGUMENT

Defendants have long disputed the Plaintiffs' fabricated and perjured claims, in their attempt to criminalize a previously settled corporate governance dispute where they had the assistance and benefit of two sets of attorneys, on the sole basis of economic duress and claim that the agreements were the product of extortion and other claims of corporate malfeasance.

Given that an indictment has been handed down, at Plaintiffs' insistence, to potentially

3

criminalize this matter, Dr. Schwartz is now unfortunately currently facing parallel civil and criminal proceedings involving the same set of operative facts, evidence, testimony and witnesses. Very clearly, the charges were pursued by Plaintiff to try to avoid and escape the enforceability of the Settlement Agreements they executed in 2019. This unfortunate situation constitutes the requisite special circumstances weighing in favor of this Court granting a stay of this matter.

To determine whether such special circumstances exist when there is a concurrently pending criminal matter, courts in the Northern District of Illinois consider the following factors:

> (1) the extent to which the issues in the criminal and civil matters overlap and whether the government initiated both proceedings; (2) the posture of the criminal proceedings; (3) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (4) the burden which any particular aspect of the proceedings may impose on defendants; (5) the convenience of the court in the management of its cases, and the efficient use of judicial resources; and (6) the interests of persons not parties to the civil litigation and of the public in pending civil and criminal litigation.

*Glover v. Upmann*, 2020 U.S. Dist. LEXIS 50504, *2-4, 2020 WL 1433801 (N.D. Ill. 2020) (citing *United States v. All Meat & Poultry Prod.*, 2003 U.S. Dist. LEXIS 17677, 2003 WL 22284318, at *2 (N.D. Ill. Oct. 3, 2003) (collecting cases)); *see also FTC v. Pacific First Benefit, LLC*, 361 F. Supp. 2d 751, 756 (N.D. Ill. 2005) ("these factors are commonly used by district courts in the [N.D. Ill.] ...."). These principles largely weigh in favor of the entry of a stay and are addressed in turn below.

### 1. Overlapping Issues in the Criminal and Civil Matters and Governmental Involvement[1]

---

[1] Analysis of the governmental involvement aspect of this factor arises where the government is involved in both the civil and criminal matters because "there is a danger that the government may use discovery to...circumvent the Fifth Amendments rights against self-incrimination." See *Glover* at * 4 (citing *Cruz v. Cty. Of DuPage*, 1997 U.S. Dist. LEXIS 9220, 1997 WL 3700194, at *3 (N.D. Ill. 1997)). But governmental involvement in both actions is not required to tip the scale in favor of a stay: indeed, despite the fact that there is no governmental involvement in this civil action, this factor weighs in favor of a stay due to the overlapping issues. See *Glover* at *4 ("Despite the Government's lack of involvement in this civil matter, there is certainly an overlap of issues in the criminal and civil matters.... This factor weighs in favor of a stay.")

4

Federal grand jury subpoenas were previously issued to Defendants in the criminal matter, including Dr. Schwartz, Yajia Hu Schwartz, his wife, [2] Defendants Tax Lien Law Group, LLC, Sulion, LLC, as well as to Mesh Suture, Inc. and Advanced Suture, Inc., as custodians for the records of those companies. Further, even a rudimentary comparison of the issues in this case and the matters raised and charged in the indictment against Dr. Schwartz, brought late last week, demonstrates that there is significant overlap of the same evidence, issues, and facts between this case and the criminal matter which, in the interests of justice mandate the imposition of a stay of this matter.

## 2. Posture of the Criminal Proceedings

Proceedings against Dr. Schwartz moved from Grand Jury Subpoenas in 2021 to the indictment stage. Counsel has further been advised that Defendant Yajia Hu Schwartz is a "subject" of the investigation, defined as person whose "conduct is within the scope of the grand jury's investigation." *See id.*

Courts have held that **"the strongest case"** for staying concurrent civil proceedings is the circumstance where a Defendant, such as Dr. Schwartz, has already been indicted, due to the high risk of infringing the defendant's Fifth Amendment rights. *See SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980).[3] But an indictment is not even a necessary prerequisite to issuing a stay of discovery when a compelling circumstance exists warranting a temporary stay of discovery, as present here. "[I]t is only when there is but a fanciful possibility of prosecution that a claim of Fifth Amendment privilege is not well taken." *In re Folding Carton Antitrust Litigation*, 609 F.2d 867, 871 (7th Cir. 1979). That Defendants' Fifth Amendment privilege against self-

---

[2] With the exception of the grand jury subpoena issued to Mark Schwartz and Yajia Hu Schwarz, individually, each subpoena is directed to the attention of Mark Schwartz in his capacity as "Secretary or Custodian of Records" for each of the foregoing named entities.

5

incrimination is an issue in this civil case is not speculation; it is now a certainty. Courts have been less inclined to enter stays in civil cases where an indictment has not been issued because they largely involve speculation about whether the Fifth Amendment privilege will be implicated and/or where the duration of the stay requested cannot be determined. *See generally Admiral Ins. Co. v. Fed. Sec.*, 1996 U.S. Dist. LEXIS 3639, 1996 WL 139243, at *1 (N.D. Ill. Mar. 26, 1996) ("Where an indictment has not yet been returned, a stay is more problematic."); *see also FTC v. Pac. First Benefit, LLC*, 361 F. Supp. 2d 751, 756 (N.D. Ill. 2005) ("other district courts have also reasoned that an indictment should be issued before a stay is granted"); *Hollinger Int'l, Inc. v. Hollinger Inc.*, 2005 U.S. Dist. LEXIS 14437, 12, 2005 WL 8179401 (same, collecting cases). These cases weigh heavily in favor of a stay here especially since the newly filed indictment against Dr. Schwartz removes all doubts or suspicions of being subject to an investigation that might someday in the future come to fruition. Rather, Dr. Schwartz's Fifth Amendment privilege against self-incrimination has already been triggered, as is clearly evidenced by a plain reading of the 50-page indictment itself.

As for the Grand Jury subpoenas issued to the other Defendants, including Yajia Schwartz, they too also clearly trigger the Fifth Amendment privilege on their face, stating very clearly that:

\* \* \*

2. You may refuse to answer any question if a truthful answer to the question might tend to incriminate you.

3. Anything that you do or say may be used against you by the grand jury or in a subsequent legal proceeding.

\* \* \*

Written discovery has been served in this matter relating to the same subject matter as in the indictment and prior to the grand jury subpoenas and critically, discovery is still outstanding and pending. The Fifth Amendment privilege protects individuals against being forced to make

incriminating disclosures at any stage of the proceeding—including in discovery—if they could not be compelled to make such disclosures as a witness at trial. *See United States v. Kordel*, 397 U.S. 1 (1970) (answers to interrogatories); *In Re Folding Carton* Antitrust Litigation, 609 F.2d 867, 871 (7th Cir. 1979) (answers to deposition questions).

All of the Defendants, but in particular Dr. Schwartz, are currently in a position where they are backed into a corner and have to choose between testifying and responding to discovery in this civil case and risking that the responses will be used in the criminal grand jury investigation, or invoking the Fifth Amendment privilege in this case and risking an adverse inference, all while subject to a Federal grand jury subpoena. The risk to Defendants' Fifth Amendment rights is extreme in light of the overlap of issues and the timing of the pending grand jury subpoena and written discovery requests. *See Jackson v. Boars Nest Bar & Grill, Inc.*, 22019 U.S. Dist. LEXIS 164050, *6 (C.D. Ill. 2019) (**granting a stay and acknowledging that forcing a defendant to make this choice is not unconstitutional but recognizing "the risk to…Fifth Amendment rights is severe, given the charges and factual overlap…"**). A stay of these proceedings will provide a temporary reprieve to Dr. Schwartz and the other Defendants from such unreasonable risk.

### 3. The Interest of the Plaintiffs in Proceeding Expeditiously with this Litigation, and the Potential Prejudice to Plaintiffs of a Delay.

Plaintiffs have an interest in proceeding expeditiously with their claims and not delaying. But likewise, Defendants also have an interest in proceeding with their vigorous defense and counterclaims against Plaintiffs. The prejudice to Plaintiffs as a result of the imposition of a stay is minimal at this early stage in the litigation, with a new judge, and especially given that they are the central witnesses and complainants against Dr. Schwartz. Thus, this factor also weighs in favor of the entry of a stay of proceedings in this case.

### 4. The Burden Which any Particular Aspect of Proceedings May Impose on Defendants.

Neither Plaintiffs nor Defendants will be unduly burdened by a stay. On the other hand, Dr. Schwartz would be severely prejudiced and burdened if he has to worry that anything he states in the record in this case could either incriminate himself or could be used against him in the criminal matter. Further, Dr. Schwartz is just in the process of recovering from life threatening medical and surgical issues, plus surgery and is not yet cleared by his physicians to return to work. If these proceedings were not stayed, Dr. Schwartz would also have the burden of defending and responding to two matters at the same time.

Moreover, Defendant Schwartz's testimony here is needed by the other Defendants, in this civil action, who would be deprived of such aid if he chooses to remain silent. These considerations also warrant entry of a stay. *See Midas Int'l Corp.* at *5; *see also Chagolla*, 529 F. Supp. 2d at 947 ("A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy. This is, in the Court's view, a factor weighing in favor of a stay"). In light of the foregoing considerations, the burden on both Dr. Schwartz and all Defendants weighs in favor a stay.

### 5. The Convenience of the Court in the Management of its Cases.

A stay in this matter will have only a slight effect on the efficient management of the court calendar for this case. This factor weighs—albeit slightly—against a stay but is truly meager when weighed against the other factors.

### 6. Interests of Persons Not Parties to the Civil Litigation and of the Public in Pending Civil and Criminal Litigation.

The public does not have a significant interest in this civil matter proceeding since it involves private individuals and entities. *See Midas Int'l Corp.* at *5-6 ("Since plaintiff only asks

damages for past injuries, there is no public interest in resolving this case other than the public interest in an efficient court system"). Given that Dr. Schwartz is in full compliance with the preliminary injunction order (D. 234) issued by Judge Lee and that such TRO will remain in full force and effect during the stay, this factor also weighs in favor of a stay of civil proceedings while the criminal proceedings unfold. *See United States ex rel. Chepurko v. E-Biofuels*, LLC, 2014 U.S. Dist. LEXIS 117958, *6 (S.D. Ind. 2014). In light of the foregoing circumstances, especially the fact there is no substantial public interest in not granting a stay, the court should find that this is an appropriate case for granting a stay. *See Midas Int'l Corp.* at *6.

## CONCLUSION

Dr. Schwartz (his wife, Yajia Schwartz, and the other Defendants) are at high risk that their Fifth Amendment rights will be infringed and that they will suffer significant prejudice in this case if a stay of these proceedings is not entered. For all of the foregoing reasons, Defendants respectfully request that this Court enter a stay in this matter to minimize the risk of infringing upon the Defendants' Fifth Amendment rights and to avoid undue prejudice.

WHEREFORE, Dr. Schwartz and the other Defendants respectfully request that this Court enter an Order granting their Motion for Stay of Proceedings, and for any other and further relief that this Court deems just and proper.

Dated: December 12, 2022

Respectfully Submitted,

By: /s/ Robert J. Shelist

Robert J. Shelist
Law Offices of Robert J. Shelist, P.C.
205 N. Michigan Avenue
Suite 810
Chicago, Illinois 60601
(312) 226-0675

## CERTIFICATE OF SERVICE

I, Robert J. Shelist, hereby certify that I caused a true and correct copy of the Motion and Memorandum of Law in Support of Motion to Stay to be served upon all counsel of record via CM/ECF on December 12, 2022.

/s/ Robert J. Shelist