**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY DUMANIAN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19 C 6771** |
| | ) | |
| **MARK SCHWARTZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER ON CERTAIN PENDING MATTERS</u>

There are several matters pending before the Court. The Court addresses them in this order.

1.     Attorney (also defendant) Mark Schwartz renewed, on February 25, his motion to withdraw from representation of certain other defendants, namely Leo Schwartz, Lindsey Schwartz, and Camila Lozano. Now that a substitute counsel has filed (on March 10) an appearance for those three defendants, Mark Schwartz's motion to withdraw from representation of them is granted (dkt. no. 296). The remainder of that motion, which seeks sanctions and a "criminal referral," is not properly part of a motion to withdraw and is denied.

2.     Those same three defendants—Leo Schwartz, Lindsey Schwartz, and Camila Lozano—have filed, through new counsel, a response to the plaintiffs' motion for summary judgment. In that response, they agree to entry of summary judgment against them on the plaintiffs' second claim for relief in their amended complaint, which apparently is the only claim against them. *See* Dkt. no. 298. The second claim is

entitled "rescission of invalid settlement agreement based on economic duress."  *See*
Dkt. no. 16 at 22.  These defendants have apparently reached a settlement with the
plaintiffs that is contingent upon the granting of summary judgment against them (but
not any other defendant) on the second claim.  *See* Dkt. no. 299.  Based on the
response, summary judgment is entered in favor of the plaintiffs and against defendants
Leo Schwartz, Lindsey Schwartz, and Camila Lozano on the plaintiffs' second claim for
relief.  Counsel are directed to prepare an appropriate draft order for entry by the Court.

3.      The remaining defendants, Mark Schwartz, Yajia Hu Schwartz, Tax Lien
Law Group, LLC, and Sulion, LLC, have filed a document (dkt. no. 292) entitled
"Defendants' Motion for Summary Judgment Per R. 56(a)(d-f)(h) and to Dismiss (D. 16),
Reinstate (D. 47, 60, 66, 77), Reconsider (D. 90, 120, 1343), Dismiss (21-Cv--01780),
Deny (D. 285), and for Criminal & Sanctions R. 11 & 56(h)."  It is 41 pages long and
thus greatly exceeds the page limit established in this district's local rules.  And it is
actually far longer than that; the motion incudes 76 small-type footnotes that effectively
increase its length by a good deal.

When they filed the motion, the defendants separately moved to exceed the page
limit.  The Court denies that motion (dkt. no. 295).  It is apparent from reviewing the
motion (dkt. no. 292) that it is inordinately repetitive.  The defendants ought to have
edited it way more carefully before filing it; it would have been easy to cut the text down
by quite a bit without affecting the motion's substance.

The Court notes that the defendants separately filed, the same day, another
motion to exceed the page limitation (dkt. no. 295), in which they appear to contend that
the just-discussed 41-page motion (dkt. no. 292) is not quite long enough.  Specifically,

they seek leave "to file an amended Rule 56 Motion, with a 68 page limit, within 20 days following entry of this Order . . . ." *See* Dkt. no. 295 at 4. That motion is also denied. There are no circumstances under which the Court would allow a motion or memorandum anywhere near that long, even considering the justification offered in the motion.

In addition, with respect to the motion for summary judgment (etc.) motion that the defendants *did* file, they failed to comply with this district's local rules in another significant respect. The local rules have required, for at least three decades, that any motion for summary judgment—which is one of the various types of relief that the defendants seek—must be accompanied by a statement of undisputed material facts, supported by record citations and evidence. *See* N.D. Ill. LR 56.1(a). The defendants did not file such a statement along with their motion. This, too, is a basis for denying the motion on its face.

But even if one puts all of this aside, the defendants' motion offers no basis to grant them summary judgment. Their overarching message is that the plaintiffs' case and the previously assigned judge's rulings are based on perjury and other intentional deception by the plaintiffs. There is no imaginable basis upon which the Court could grant summary judgment in the defendants' favor on this basis. It is axiomatic that a court considering summary judgment cannot make judgments about the credibility of witnesses, weigh countervailing evidence, or draw inferences. *See, e.g., Johnson v. Rimmer*, 936 F.3d 695, 705 (7th Cir. 2019). Even when a witness's testimony or statements are contradicted by documentary evidence or earlier testimony—as the defendants contend in some respects—that does not authorize a Court to find it false as

3

*a matter of law* or disregard it; rather it's a basis that might allow a finding, *after a trial*, that the testimony or statements lack credibility. Nothing in the motion supports a finding by the Court, on summary judgment, that the plaintiffs' claims are based on perjury and deception.

The defendants' motion also purports, in its title and in various parts of the text and footnotes, to ask the Court to dismiss the plaintiffs' amended complaint, reinstate motions addressed long ago by the previously assigned judge, and reconsider rulings made by that judge, in some instances years ago. The requests for reconsideration and reinstatement are untimely. And there is no basis at this point to consider a motion to dismiss the complaint on any ground under Rule 12 given the amount of time that has passed since the complaint was filed (over three years) and the extensive proceedings that have taken place since then. The Court denies all of these requests.

The defendants' motion also seeks dismissal of the case and other sanctions based on the contention that the plaintiffs have lied and have presented a fraud on the Court. This request is effectively indistinguishable from the defendants' motion for summary judgment on the same grounds. The Court respectfully declines to consider a motion of this type until it has addressed the plaintiffs' motion for summary judgment, which has been pending for some time.

The one remaining request for relief contained in the motion's title—though barely discussed in the body—is a request to deny the plaintiffs' motion for summary judgment. The defendants previously advised the Court that they intended to seek additional discovery before having to respond to the plaintiffs' motion for summary judgment, which the plaintiffs filed on January 23. On February 1, the Court advised the

4

defendants of the requirements of Federal Rule of Civil Procedure 56(d) in this regard and gave them until February 22, 2023 to file a Rule 56(d) submission.

The defendants' current filing does not come close to meeting the requirements of Rule 56(d). Under that rule, a court may delay consideration of a summary judgment motion and direct additional discovery "if the non-movant demonstrates that it cannot present facts essentially to justify its opposition." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 877 (7th Cir. 2021) (internal quotation marks omitted). The non-movant must "state the reasons why [it] cannot adequately respond to the summary judgment motion without further discovery." *Id.* (internal quotation marks omitted). This requires a showing "by affidavit or declaration specific reasons discovery should be extended . . . ." *Id.*

The defendants' response contains none of this. The closest it comes is the following statement, in small type, in footnote 76, right at the end of the submission:

> [T]hat motion [for summary judgment] should not be allowed to proceed, in any event[,] as it is wildly premature given the evidence produced in the criminal cse which the undersigned has yet to review . . . . Additionally, Discover [sic] was never closed in this matter, and the relief requested in Defendants earlier Motions to compel answers to discovery and requests to admit should be granted. Plaintiffs' work diaries are also required, and Defendants should be given an opportunity to depose Plaintiffs on their case, which they have never been given, for all the reasons and justification given in Defendants' Motion for Reconsideration.

Defs.' Mot. (dkt. no. 292) at 43 n.76. This isn't enough to meet Rule 56(d)'s requirements or anything close to it. Specifically, it doesn't explain *why* discovery, let alone any particular discovery, is needed to address the points the plaintiffs make in their motion for summary judgment. Thus, if the defendants' submission is considered as a Rule 56(d) submission, the Court overrules it.

But it's anything but apparent that the defendants intended their motion to be a Rule 56(d) submission. Rather, it appears to be their response to the motion for summary judgment: in its title, it specifically asks the Court to "deny" docket entry 285, which is the plaintiffs' summary judgment motion, and it does so again in the conclusion. *See id.* at 43. But the defendants' filing is not a proper summary judgment response. In particular, the defendants made no effort to comply with Local Rule 56.1: they did not file any sort of a point-by-point response to the plaintiffs' Local Rule 56.1(a) statement of undisputed material facts, *see* Dkt. no. 285, Ex. A, or a statement of disputed material facts, as Local Rule 56.1(b)(2) and (3) specifically requires.

Because the defendants have forfeited their Rule 56(d) opportunity, and because their purported response to the motion for summary judgment does not comply with the rules, the Court could, at this point, proceed to consideration of the plaintiffs' summary judgment motion. Of course, that would not mean the motion would automatically be granted; the plaintiffs "still ha[ve] to show that summary judgment [is] proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)). But because the Court's most recent scheduling order did not specifically set a deadline for the defendants' response on the merits to the motion for summary judgment (as opposed to a Rule 56(d) submission), *see* Dkt. no. 288 (order of Feb. 1, 2023), the Court will give the defendants who filed the present submission three more weeks, until April 3, 2023, to file a *proper* response to the summary judgment motion. The Court wishes to make clear, however, that at this point the defendants actually have to respond to the motion for summary judgment on the merits, and not simply make a Rule 56(d) submission;

they forfeited that opportunity.

## Conclusion

For the reasons stated above, Mark Schwartz's motion to withdraw as attorney for defendants Leo Schwartz, Lindsey Schwartz, and Camila Lozano is granted to the extent it seeks his withdrawal as their attorney but is otherwise denied [296]. Plaintiffs' motion for summary judgment is granted as to defendants Leo Schwartz, Lindsey Schwartz, and Camila Lozano on plaintiffs' second claim for relief. Counsel for the plaintiffs and those defendants are directed to provide a proposed form of order (in Word format) to Judge Kennelly's proposed order e-mail address by no later than March 16, 2023. The plaintiffs' motion for summary judgment remains pending as to the other defendants. The motion by defendants Mark Schwartz, Yajia Hu Schwartz, Tax Lien Law Group, LLC, and Sulion, LLC for various forms of relief is denied [292]. Those defendants have also forfeited any request under Rule 56(d) regarding the plaintiffs' motion for summary judgment. They are given until April 3, 2023 to file a proper response to the motion for summary judgment as explained in the body of this order. The defendants' response memorandum may be up to 30 pages long. The telephonic status hearing set for March 20, 2023 is vacated and reset to April 5, 2023 at 9:15 a.m., using call-in number 888-684-8852, access code 746-1053.

Date:  March 12, 2023

_____
MATTHEW F. KENNELLY
United States District Judge

7