UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY DUMANIAN, RANDA DUMANIAN, and ADOM DUMANIAN<br>*Plaintiffs/Counterclaim Defendants,*<br>v.<br>MARK SCHWARTZ, YAJIA SCHWARTZ, TAX LIEN LAW GROUP LLC & SULION LLC<br>*Defendants/Counterclaimants.* | Case No. 19-cv-6771 |

**DEFENDANTS' MOTION TO DEEM DEFENDANTS' RESPONSE AND STATEMENT OF FACTS (D.315-2) ADMITTED IN ITS ENTIRETY DUE TO PLAINTIFF'S NON-COMPLIANCE WITH LOCAL RULES AND FAILURE TO DENY, DISPUTE OR CONTROVERT ANY OF DEFENDANT'S FACTS, TO STRIKE PLAINITFFS' MEMORANDUM (D. 323) FOR FAILURE TO COMPLY WITH LOCAL RULES, DENY PLAINTIFF'S MOTION FOR JUDGMENT AND FOR RULE TO SHOW CAUSE (RULES 11, 56(h), L.R. 83.50)**

**TO THIS HONORABLE COURT**:

COMES NOW, Defendants/Counterclaimants ("Defendants"), by the Undersigned, and respectfully submit the above captioned Motion.

INTRODUCTION

In this case, Dumanian committed perjury to criminally frame Dr. Schwartz. (D.315, D.315-2) Dumanian's perjury forms the very foundation of his fraudulent duress case, filed just 5 weeks after the call on September 3rd, 2019, and constitutes a fraud upon the Court. (Id.) Dumanian's perjury is malicious and carefully crafted to address and advance every critical element of his fraudulent case and cannot be dismissed as mere innocent misrepresentations, forgetfulness, or issues on the periphery of his case. (Id.) Instead, his false allegations lie at the very heart of the matter. (Id.) *United States v. Grigsby*, 692 F.3d 778, 785 (7th Cir. 2012). The Seventh Circuit has emphasized that a dismissal with prejudice is an appropriate sanction for lying to the court, as no one needs to be warned not to deceive the judiciary. Negrete v. Nat'l R.R. Passenger Corp., 547

1

F.3d 721, 724 (7th Cir. 2008) ("it doesn't take a graduate degree to understand that hiding evidence and lying are unacceptable"…"We affirm, and because it appears that Negrete may have committed perjury, we refer this opinion to the United States Attorney.")

<u>UNDISPUTED MATERIAL FACTS AS SET FORTH IN (D.315-2) (EX. C):</u>

On April 15, 2023, Defendants docketed their response To Plaintiffs' Motion for Judgemnt, setting forth facts with abundant cites and support from the record evidence in Response to Movants' Statement of Material Facts ("SOMF,"D.285-1) as required by Local Rule 56.1(b)(3)(B) as well as their Statement of Additional Facts that Require Denial of Summary Judgment as permitted by Local Rule 56.1(b)(3)(C), as set forth in (D.315-2)(Ex. C), each of which squarely controverted Plaintiffs' perjured and false facts offered in support of their motion for judgment, and each of which was supported by cited objective record evidence – none of which Plaintiffs denied, disputed, or controverted in their reply (D.323)

Conspicuously, Plaintiffs' Memorandum In Support of their Motion For Judgment (D. 323), attempts to play games with the local rules, raising boilerplate objections and legal arguments without once, denying, disputing, controverting or even responding to even one single fact alleged by Defendants, nor offering any affidavit, or even a single piece of record evidence to controvert any of them – including the credible allegations of perjury raised therein.

Apparently, rather than controvert a single one of Defendants' facts, Plaintiffs' believe they can prevail upon fraudulent and perjured claims, hidden behind boilerplate objections when it is they who have attempted to skirt and pervert the local rules by doing so. Indeed, by relying solely on objections and argument, and failing to dispute or controvert a single fact raised or evidence proffered by Defendants' it is Plaintiffs who have violated every single requirement in Local Rule

56.1 governing responsive summary judgment briefing in this District, not Defendants, and their failure to do so should be deemed an admission of each of Defendants' facts, or alternatively, their response should be stricken in its entirety.

On April 15, 2023, the Defendants submitted their rebuttal to the Plaintiffs' Motion for Judgment, as necessitated by Local Rule 56.1(b)(3)(B) and (C). They furnished extensive evidence and citations contesting the Plaintiffs' false claims.

However, the Plaintiffs' Memorandum in Support of their Motion for Judgment (D.323) blatantly disregards the local rules. It relies on generic objections and legal arguments, without countering any of the Defendants' claims or providing any supporting affidavits or evidence. This raises suspicion that the Plaintiffs are attempting to mislead the court by refusing to contest the Defendants' statements.

The Plaintiffs' tactic of solely relying on objections without offering any factual disputes violates Local Rule 56.1. As a result, their lack of response should be interpreted as an admission to the Defendants' claims. Alternatively, their response should be struck out completely for non-compliance.

Notably, the Plaintiffs have failed to deny or address the serious allegations of perjury in their affidavits. Their reliance on objections rather than evidence is a futile attempt to challenge the material facts presented. For justice to be served, the case should be judged based on its merits, not technicalities.

Indeed, as stated, the Movant's response to the Nonmovant's additional facts must adhere to the same principles as the Nonmovant's response. Local Rule 56.1(a)(3) permits the moving party

to submit a concise reply in response to any additional material facts presented by the opposing party.

Here, Plaintiffs' as the moving party have failed to provide a proper reply, (D.323), and in so doing, they face the same consequences as a non-responsive nonmovant—admission of the opposing party's factual assertions. This principle is exemplified in the case of *Malec v. Sanford*, 191 F.R.D. 581 (N.D. Ill. 2000).

Moreover, it's important to note that Plaintiff's response is not an appropriate platform for merely objections and argumentative denials. **It requires a fact-based dispute, supported by evidence, rather than an argumentative discourse devoid of factual content**. (Id.) Here, Plaintiffs response utterly fails in its obligation to support controverted or additional facts with citations to admissible evidence. *Smith v. Lamz*, 321 F.3d 680 (7th Cir. 2003), and has failed in their obligation to respond with particularity to the statement of material facts submitted by the Defendants (D.315-2). The parties involved should respect these principles to maintain the integrity and effectiveness of the judicial process.

Critically, Plaintiffs do not even state that they disputed or disagreed with any of Defendants' asserted facts – their reply is devoid of such dispute or denial, and is further completely inadequate as it is made without a single reference to any supporting material or evidence whatsoever. *Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993). Specifically as to Local Rule 56.1, "[w]e have ... repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1." Id. (citing Bordelon v. Chicago Sch. Reform Bd. of Trs., 233 F.3d 524, 527 (7th Cir.2000) and Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994)). A district court does

not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with Local Rule 56.1, the court chooses to ignore and not consider the any of the facts that a litigant has proposed, when they fail to controvert the opposing parties facts. *Midwest Imports*, 71 F.3d at 1316. Indeed, as we have stated on a number of occasions, "[a] local rule of a federal district court is written by and for district judges to deal with the special problems of their court, and we are disposed therefore to give a district judge's interpretation of his court's local rules ..considerable weight." Id.

Here, Plaintiffs' consistent evasion of the perjury allegations is deeply concerning. Plaintiffs were obligated to refute these serious charges but have failed to do so. Their response, void of facts and full of objections and arguments, does not provide a legitimate dispute to the Defendants' facts and claims, supported by over 3,200 pages of record evidence, which they fail to deny or controvert at all. In the face of the Defendants' extensively cited and evidence-backed allegations of perjury, the Plaintiffs have failed to provide a single piece of contrary evidence or even a sworn denial. Their failure to do so should necessitate a show-cause order to compel them to substantiate their claims.

The counsel's apparent hiding behind such boilerplate objections, without withdrawing a single perjured claim, and insisting they are entitled to prevail summarily, demonstrates a continuing and patent disregard for professional ethics is in stark contrast to the serious criminal accusations against Dr. Schwartz, adding more weight to the allegations of perjury. The Plaintiffs' tactic of hiding behind boilerplate procedural rules while violating the rules themselves and failing to counter substantial allegations of perjury and direct record evidence is a direct perversion of the judicial process. Their silence on the matter cannot be deemed as anything but an admission of guilt, and they should be held accountable. Given the gravity of the charges and the Plaintiffs'

patently obvious refusal to address or even deny them, the court must act decisively. The Plaintiffs' response (D.323) should be stricken for its non-compliance, and both Plaintiffs and their counsel should be ordered to answer and show cause as to the truth of the allegations they have fraudulently proffered before this Honorable Court. Their continued silence and obfuscation of the truth can be interpreted as complicity in the alleged perjury. The Plaintiffs' behavior, including their disregard for local rules, undermines the integrity of the court and the pursuit of justice.

## CONCLUSION

In conclusion, the Plaintiffs should be compelled to show cause for their failure to refute the Defendants' allegations of perjury and falsehood. Their continued silence and reliance on procedural objections instead of presenting factual disputes are a clear violation of the rules and principles of this court – and should prompt this Court to know exactly what is going on here. Plaintiffs and their counsel still continue to press their case to judgment, even though they are fully cognizant that the jig is up and that the Dumanain's claims are false and fraudulent and supported by perjury – but continue to press their case, nonetheless.

Their failure to rebut or deny a single one of Defendants' facts cannot and should not be overlooked. If there were no truth in Defendants' facts and assertions, then Plaintiffs' were minimally obligated to provide countervailing evidence to controvert them and support their claims with evidence. Having utterly failed themselves to do so, they should not be permitted to foist that responsibility on Defendants by hiding on boilerplate objections (but without denial) and should be precluded from pressing any aspect of their case further until they have done so. As such, Plaintiffs should be ordered, along with their counsel, to respond to each of the facts raised by Defendants and the allegations of perjury credibly raised by Defendants, with support in the

record. The local rules were designed to determine the truth, not to be misused or perverted as a smokescreen for continuing fraud, obfuscation, and perjury on the judiciary.

In conclusion, due to the alleged bad faith, ethical and professional misconduct, fraudulent and perjured litigation, and false criminal allegations against Dr. Schwartz by the Plaintiffs and their counsel, this Court should deny Plaintiff's motion for judgment upon which no facts are sustained, order Plaintiffs to show cause, and grant Defendants the costs of defending this action, to be assessed against the plaintiffs. After enduring nearly 3.5 years of harassment and the intentional destruction of a company valued at $57 million in March 2019, such sanctions are entirely justified. The Court should grant this Motion, deny Plaintiffs' Motion for Judgment as unsupported by any facts in the record, dismiss Plaintiff's Complaint with prejudice, and issue a criminal referral outside of the Northern District of Illinois due to Mr. Acosta's conflict, and order other just and proper relief, including costs and attorney fees as provided in the MRSA.

Dated: May 10, 2023

                           Respectfully Submitted,

                           By: /s/ Mark A. Schwartz, Esq.

Mark A. Schwartz, Esq
Law Office of Mark A. Schwartz, Esq.
110 Dorado Beach East
Dorado, Puerto Rico, 00646
maschwartz@tllgrp.com
312-810-2220

### CERTIFICATE OF SERVICE

I, Mark A. Schwartz, hereby certify that I caused a true and correct copy of this pleading to be served upon all counsel of record via CM/ECF on May 10, 2023

/s/ Mark A. Schwartz, Esq.